UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RCI HOSPITALITY HOLDINGS, INC.,**

      **Plaintiff,**

v.                                                              Case No:   6:19-cv-972-Orl-37EJK

**JUNKYARD SALOON/BOMBSHELL'S TAVERN LLC,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Second Amended Motion for Entry of Default Judgment (the "Motion"), filed March 24, 2020. (Doc. 32.) Upon consideration, I respectfully recommend that the Motion be denied, the entry of Clerk's Default be vacated (Doc. 23), and the action be dismissed.

**I.  BACKGROUND**

Plaintiff instituted this action against Defendant on May 30, 2019 (Doc. 1) and effected service of process on Shannon Reilly, a bartender at Defendant's place of business on June 28, 2019 (Doc. 22-1). On August 8, 2019, Plaintiff moved for entry of clerk's default as to Defendant, which the Clerk entered on August 12, 2019. (Docs. 22, 23.) Thereafter, on September 4, 2019, Plaintiff filed its first motion for default judgment, which I denied without prejudice for failure to comply with Local Rule 3.01(a) and gave Plaintiff leave to file an amended motion that set forth, *inter alia*, why the Court had personal jurisdiction over this matter. (Doc. 29.) Plaintiff timely filed an amended motion (Doc. 30), which I also denied without prejudice for failure to comply with Local Rule 3.01(a) (Doc. 31). In the Order, I reiterated that Plaintiff was required to demonstrate that the Court had jurisdiction over the matter and warned that failure to file a compliant motion

for default judgment may result in my recommending dismissal of the action. (Doc. 31 at 2.) I gave Plaintiff leave to file a second amended motion, which it timely filed. (Docs. 31 at 2; 32.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Generally, where service of process is insufficient, [a] court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (*citing Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982)). In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action

and the parties."). "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

### III.   DISCUSSION

Plaintiff argues that the Court has personal jurisdiction over Defendant because Defendant "is located in Florida, conducts business in Florida, a substantial portion of the relevant events occurred in the Middle District of Florida, and it has committed acts of trademark infringement in the Middle District of Florida." (Doc. 32, ¶ 11.) However, Plaintiff fails to explain how service was proper on Defendant. (*See* Doc. 32.) Based on the representations in the Affidavit of Service, Plaintiff served Defendant by leaving a copy of the Amended Complaint and summons with Shannon Reilly, a bartender at Defendant's establishment. (Doc. 22-1.)

The Federal Rules of Civil Procedure provide that a corporation may be served by the manner prescribed by state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Under Florida law, service of process can be executed on a corporation by serving "the agent designated by the corporation under [§] 48.091." Fla. Stat. § 48.081(3)(a). However, "if service cannot be made on a registered agent because of failure to comply with [§] 48.091, service is permitted on any employee . . . of the registered agent." Fla. Stat. § 48.081(3)(a). Section 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.

> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Fla. Stat. § 48.091.

Upon review of Florida public records, it appears that Ms. Reilly is neither a manager nor an agent of Defendant. Without any briefing from Plaintiff about what role Ms. Reilly serves within Defendant's organization, the Court is unable to determine whether service was perfected on Defendant. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding . . . accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the . . . action and [to] afford them an opportunity to present their objections.") (citations omitted). I find that the Court is unable to exert personal jurisdiction over Defendant since Plaintiff failed to perfect service of process. As such, I recommend that the Motion be denied, and the entry of Clerk's Default (Doc. 23.) be vacated.

Further, this action is due to be dismissed without prejudice. Plaintiff was afforded three opportunities to file an adequate motion for default judgment. While the instant Motion was certainly more detailed than the previous motions for default judgment (*compare* Docs 22, 25 *with* Doc. 32), it still failed to provide adequate briefing on personal jurisdiction over Defendant. I previously told Plaintiff that a future motion for default judgment should explain why the Court has personal jurisdiction (Doc. 29) and warned Plaintiff that failure to file an adequate renewed

motion for default judgment could result in my recommending that the action be dismissed (Doc. 31). Further, the deadline to properly serve Defendant has lapsed. *See* Fed. R. Civ. P. 4(m) (giving a plaintiff 90 days from the filing of the complaint to serve the defendant(s)). As such, I find that dismissal without prejudice is warranted.

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that:

1. The Second Amended Motion for Entry of Default Judgment (Doc. 32) be **DENIED**;

2. The entry of Clerk's Default (Doc. 23) be **VACATED**;

3. The Amended Complaint (Doc. 9) be **DISMISSED WITHOUT PREJUDICE**; and

4. The Clerk of Court be **DIRECTED** to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 31, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

- 6 -