UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RCI HOSPITALITY HOLDINGS, INC.,

    Plaintiff,

v.                                                   Case No. 6:19-cv-972-Orl-37EJK

JUNKYARD SALOON/BOMBSHELL'S
TAVERN LLC,

    Defendant.
_____

**ORDER**

Plaintiff RCI Hospitality Holdings, Inc. ("**RCI**") moves for default judgment against Defendant. (Doc. 32 ("**Motion**").) On referral, United States Magistrate Judge Embry J. Kidd ("**Judge Kidd**") recommends denying the Motion and dismissing the case. (Doc. 33 ("**R&R**").) RCI objects to the R&R. (Doc. 35 ("**Objection**").) On review, the Objection is sustained in part and overruled in part, the R&R adopted in part and rejected in part, the Motion is denied, and the case is dismissed.

**I.    BACKGROUND**

RCI sued Defendant Junkyard Saloon/Bombshell's Tavern LLC ("**Bombshell's**") seeking injunctive relief and damages based on trademark claims. (Doc. 9 ("**Complaint**").) Bombshell's failed to respond, so RCI obtained a clerk's entry of default against Bombshell's. (Docs. 22, 23.) Then RCI set its sights on obtaining default judgment.

RCI's first attempt at a motion for default judgment covered four pages and

contained a cursory recitation of the elements needed under Federal Rule of Civil Procedure 55(a). (Doc. 25.) Judge Kidd denied the motion without prejudice, explaining a defendant's default did not in itself warrant default judgment and the motion violated the Local Rules as it had no memorandum of law explaining why RCI had a right to default judgment. (Doc. 29.) So RCI tried again. (Doc. 30.) Judge Kidd denied the next application without prejudice for failure to comply with the Local Rules and failing to explain how RCI satisfied the elements of default. (Doc. 31.) And so RCI tried a third time. (Doc. 32.) This time Judge Kidd considered the Motion and prepared an R&R. (Doc. 33.) In the R&R, he recommends denying the Motion with prejudice and dismissing the case because RCI didn't show it properly served Bombshell's. (*Id.*) RCI now objects to the R&R and asks the Court to grant its Motion. (Doc. 35.)

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report.

*Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III. ANALYSIS

RCI lists seventeen specific objections it has to the R&R which fall into two general categories: (1) RCI has shown service of process was proper; and (2) the case should not be dismissed.[1] (*See* Doc. 35, pp. 8–10.) After reviewing the relevant sections of the Motion de novo, it is true Judge Kidd incorrectly applied the corporation service rules, rather than service rules applicable to limited liability companies ("**LLCs**") like Bombshell's. But even under the rules governing service of LLCs, RCI has failed to show service was proper. And the rest of Judge Kidd's analysis is sound.

#### A. Service of Process

RCI first objects that Judge Kidd erred when he used Florida Statute § 48.081(3)(a) (governing service of process for corporations) instead of Florida Statute § 48.062 (service of process for LLCs) to find that service was improper. (Doc. 35, pp. 4–7.) RCI is correct—but this mistake does not affect the outcome.

Under the Federal Rules of Civil Procedure, a plaintiff can serve an entity in the manner prescribed by state law. *See* Fed. R. Civ. P. 4(e)(1), (h)(1). Since Bombshell's is an LLC, Florida Statute § 48.062 governs how it may properly be served. (*See* Doc. 9, ¶ 3.) Under this statute, a plaintiff my serve an LLC by serving "the registered agent

---

[1] RCI also claims it was error for Judge Kidd to say service of process was effectuated on June 28, 2019 when it was actually effectuated on July 1, 2019. (Doc. 34, p. 8.) RCI is correct, but the three-day difference does not impact the analysis. (*See* Doc. 22-1.)

designated by the limited liability company . . . . [or] any employee *of the registered agent.*" Fla. Stat. § 48.062(1) (emphasis added). The registered agent of Bombshell's is Nikadena Santonino ("**Santonino**"). (Doc. 22-1, p. 1; *see also* Doc. 35, p. 7.) The process server explains he went to Santonino's listed address—which appears to be the same address as Bombshell's—and asked a bartender, Shannon Reilly ("**Reilly**"), if Santonino was there. (*See* Doc. 35-1, p. 1 ("**Amended Affidavit**").)[2] When she said he wasn't, the process server gave Reilly the Complaint and a copy of the summons. (*Id.*) The Amended Affidavit doesn't give any more information on Reilly's relationship to Santonino or Bombshell's. (*See id.*)

RCI argues this suffices to serve an LLC. (*See* Doc. 35, pp. 7–8, 10–11.) It doesn't. "[S]tatutes governing service of process are to be strictly construed." *Mead v. HS76 Milton, LLC*, 102 So. 3d 682, 683 (Fla. 1st DCA 2012). Effective service of process is not achieved by serving any person you find working at the same address as the registered agent—you must serve an employee *of* the *registered agent*. *See* Fla. Stat. § 48.062(1). The Amended Affidavit contains no assertion that Reilly was an employee of Bombshell's registered agent. (*See* Doc. 35-1.) Nor does the affidavit describe who employed Reilly, or even if she was an employee at all. (*Id.*) Was she an employee of Santonino? Of Bombshell's? An independent contractor? Or did she have some other employment relationship? The Amended Affidavit doesn't say. (*See id.*) All the Court knows is that Reilly was a

---

[2] The Court, in its discretion, will consider the newly-filed Amended Affidavit of the process server. (*See* Docs. 35, 35-1.)

bartender. (*Id.*) This isn't enough to establish proper service. *See Orange Lake Country Club, Inc. v. Castle Law Grp., P.C.*, No. 6:17-cv-1044-ORL-31DCI, 2017 WL 10085022, at *2 (M.D. Fla. Dec. 6, 2017) (no service where the process server only alleged he served "John Doe" who was a "manager of [Defendant LLC]" because there was no evidence John Doe was either the registered agent of the LLC or an employee of the registered agent); *cf. TD Bank, N.A. v. Windsor Arms, LLC*, No. 3:13-cv-782-J-99MMH-JBT, 2013 WL 12148858, at *1 (M.D. Fla. Aug. 27, 2013) (service sufficient where the process server averred he served someone who "worked for" the registered agent of the LLC). So RCI has failed to show it properly served Bombshell's.

  **B.**  **Dismissal**

Since RCI didn't show proper service, the Court cannot enter default judgment. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (citation omitted) ("[W]here service of process is insufficient, the court has no power to render judgment."); *see also supra* Section III.A. RCI questions whether dismissal is proper. It is.

RCI contends Judge Kidd didn't adequately warn it of the need to establish service—and thus personal jurisdiction—since he cited only one case discussing jurisdiction in his previous orders and did not "explicitly request briefing on service of process." (Doc. 35, pp. 9–10; *see also* Doc. 31.) This argument might have some allure if the movant was pro se rather than counseled. Judge Kidd's orders referred counsel to jurisdictional authority. The Court is not obliged to conduct a primer in personal jurisdiction. Three strikes is gracious plenty. Objections that Judge Kidd did not offer

*more* detail are not well taken.

While Judge Kidd may have scrutinized the wrong statute for service of process, his analysis for recommending dismissal was dead on. RCI had three chances to show default. (*See* Docs. 25, 29, 30–32.) Three times RCI failed. (*See id.*; *see also* Doc. 33.) And now, with its Objection and Amended Affidavit (which the Court considered), RCI blew a fourth chance. (*See* Docs. 35, 35-1.) Enough. As Judge Kidd points out, RCI was warned that repeated failure would warrant dismissal and the deadline to serve Bombshell's has lapsed. (Doc. 33, pp. 4–5.) RCI's Objection only emphasizes the latter point—even after being notified the process server affidavit was insufficient and amending, RCI can't show proper service. (*See supra* Section III.A; *see also* Doc. 35-1.) For the reasons Judge Kidd discusses in his R&R, the case is dismissed. (*See* Doc. 33, pp. 4–5.)

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Consistent with the dictates of this Order:

    a. U.S. Magistrate Judge Embry J. Kidd's Report and Recommendation (Doc. 33) is **ADOPTED IN PART AND REJECTED IN PART.**

    b. Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 33) and Alternative Application to Amend Return of Service Pursuant to Fla. Stat. §48.21(2) (Doc. 35) are **SUSTAINED IN PART AND OVERRULED IN PART.**

2. Plaintiff RCI Hospitality Holdings, Inc.'s Second Amended Motion for

Entry of Default Judgment Against Defendant (Doc. 32) is **DENIED WITH PREJUDICE.**

3. The Amended Complaint (Doc. 9) is **DISMISSED WITHOUT PREJUDICE.**

4. The Clerk is **DIRECTED** to close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 21, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record